IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WILLIAM TRENT SPAULDING,**

    **Plaintiff,**

v.                                                        **Case No.: 3:25-cv-00037**

**HUNTINGTON POLICE
DEPARTMENT (HPD), WV
STATE PATROL,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2), Defendant West Virginia State Police's Motion to Dismiss, (ECF No. 13), Defendant Huntington Police Department's Motion to Dismiss, (ECF No. 16), and related briefing. This civil action is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that Defendants' Motions to Dismiss, (ECF Nos. 13, 16), be **GRANTED**, that Plaintiff's Complaint be **DISMISSED**, and that this action be **REMOVED** from the docket of the Court.

**I.    Relevant Facts**

Plaintiff William Trent Spaulding is a West Virginia Division of Corrections and Rehabilitation inmate incarcerated at the Western Regional Jail. *See* West Virginia

Division of Corrections and Rehabilitation Inmate Search, available at https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender/Search (last accessed Jan. 22, 2026). Plaintiff initiated this civil action pro se by filing a complaint pursuant to 42 U.S.C. § 1983 on January 21, 2025, naming the Huntington Police Department ("HPD") and the West Virginia State Patrol ("WVSP") as defendants. (ECF No. 2). Plaintiff's Complaint alleges that, following a vehicular pursuit, law enforcement officers used excessive force during his arrest, including physical strikes, deployment of a canine unit, and "pull[ing his] pants down and [walking him] naked in front of all the spectators." (*Id.* at 4–5). For relief, Plaintiff requests to be compensated for the injuries caused by the dog and for the sexual abuse, for pain and suffering, and for his criminal charges to be dismissed. (*Id.* at 5).

Plaintiff was granted leave to proceed in forma pauperis, and summonses were issued and served upon both defendants. (ECF Nos. 5–10). HPD was served with process on May 1, 2025, and timely filed an Answer to Plaintiff's Complaint on May 21, 2025. (ECF No. 12). WVSP was likewise served and, on May 22, 2025, filed a Motion to Dismiss along with a Memorandum of Law in Support, asserting, *inter alia*, that it is not a legal entity capable of being sued, that Plaintiff failed to state a claim upon which relief may be granted, and that Plaintiff's claims are barred by sovereign and qualified immunity. (ECF Nos. 13, 14).

On September 3, 2025, HPD filed its Motion to Dismiss and Memorandum of Law in Support, asserting that it is not a legal entity capable of being sued, that Plaintiff failed to establish subject matter jurisdiction, and that Plaintiff failed to plead a basis for municipal liability under *Monell*. (ECF Nos. 16, 17). Plaintiff did not file a response to

either Defendant's Motion to Dismiss within the time permitted by the Local Rules of Civil Procedure.

As a result of Plaintiff's failure to respond, HPD filed a Reply regarding Plaintiff's lack of response on September 25, 2025. (ECF No. 18). Thereafter, on October 20, 2025, the undersigned entered an Order expressly advising Plaintiff of his right to respond to Defendants' Motions to Dismiss and warning that a failure to respond could result in dismissal of the Complaint. (ECF No. 19). The Order directed Plaintiff to file any response on or before December 1, 2025. *Id.*

Despite this clear directive and explicit warning, Plaintiff failed to file any response or otherwise communicate with the Court. On December 22, 2025, HPD filed a renewed reply noting Plaintiff's continued failure to respond to the pending Motions to Dismiss and his failure to comply with the Court's October 20, 2025 Order. (ECF No. 20).

Since the filing of the Complaint, Plaintiff has taken no action to prosecute this case beyond his initial submissions. Plaintiff has not responded to Defendants' dispositive motions, has not complied with the Court's Order directing him to respond, and has not otherwise demonstrated any intent to pursue this litigation.

**II.  Discussion**

For the reasons contained herein, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and has disregarded the Court's orders, warranting dismissal pursuant to Federal Rule of Civil Procedure 41(b). Alternatively, should the presiding District Judge disagree concerning the failure to prosecute issue, the undersigned further **FINDS** that Defendants' Motions to Dismiss should be granted on their merits. Specifically, the West Virginia State Police is not a "person" amenable to suit under 42 U.S.C. § 1983 and is entitled to Eleventh Amendment immunity. Similarly, the

3

Huntington Police Department is not a legal entity capable of being sued and, in any event, Plaintiff has failed to allege facts sufficient to establish municipal liability. Accordingly, dismissal of Plaintiff's Complaint is warranted on multiple independent grounds.

### *Failure to Prosecute*

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. at 629-30. Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, dismissal may be appropriate in circumstances where a plaintiff has lost interest in prosecuting an action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendants caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). While these factors guide the Court's analysis, a rigid application is not required, particularly where a litigant has ignored an

explicit warning that failure to comply with a court order may result in dismissal. *Ballard*, 882 F.2d at 95–96; *see also Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished) ("A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim.").

Having considered each of these factors, the undersigned concludes that dismissal for failure to prosecute is warranted in this case. Plaintiff is proceeding pro se and therefore bears full responsibility for prosecuting this action. Despite the filing of two dispositive motions by Defendants, Plaintiff failed to file any response within the time permitted by the Local Rules. Moreover, after HPD advised the Court of Plaintiff's noncompliance, the undersigned entered an Order expressly advising Plaintiff of his right to respond to Defendants' Motions to Dismiss and warning that failure to do so could result in dismissal of the Complaint. (ECF No. 19). Plaintiff was granted additional time—through December 1, 2025—to file a response. *Id.* Plaintiff nevertheless failed to respond or otherwise communicate with the Court, leaving Defendants' motions unopposed. Additionally, he has not filed any notice of change of address, motion for extension, or other filing explaining his failure to comply, and it appears from the docket that Plaintiff has received copies of the filings in this matter, including the undersigned's October 2025 Order, (ECF No. 19).

Plaintiff's inaction has prejudiced Defendants by forcing them to continue litigating a case that Plaintiff has abandoned, thereby expending time and resources while the matter remains stalled on the Court's docket. In addition, Plaintiff has demonstrated a clear pattern of dilatory conduct by failing to respond to multiple dispositive motions

5

and by disregarding a direct court order. This conduct supports the conclusion that Plaintiff has no interest in further prosecuting this action.

As always, the undersigned is mindful that dismissal is a harsh sanction and is cautious in recommending dismissal of a pro se plaintiff's claims. However, the Court has already employed lesser sanctions by issuing a clear warning and providing Plaintiff with additional time to comply. Those measures were ineffective. Given Plaintiff's complete failure to participate in this litigation since the filing of his Complaint, the undersigned finds that no sanction less drastic than dismissal would be effective in moving this case forward.

Accordingly, the undersigned **FINDS** that Plaintiff is entirely responsible for the delay in prosecution, that the delay has prejudiced Defendants, and that lesser sanctions would be ineffective. Witnesses become unavailable, and memories become stale with the passage of time, and Plaintiff has disregarded warnings from the Court. Therefore, a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96. While dismissal is the preferable course, the undersigned acknowledges that the reason for Plaintiff's failure to prosecute this action is unknown, and the statute of limitations has not expired on his claims. Therefore, the undersigned concludes that dismissal should be without prejudice to account for the unlikely possibility that Plaintiff's dilatoriness is excusable and there is good cause and a basis to either reopen or reinstitute the claim.

### *Defendants' Motions to Dismiss*

Even if dismissal were not warranted for failure to prosecute, the undersigned **FINDS** that Defendants' Motions to Dismiss should be **GRANTED** on their merits for the following reasons:

<u>West Virginia State Police</u>

Defendant West Virginia State Police ("WVSP") moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting that it is not a "person" subject to suit under 42 U.S.C. § 1983 and that Plaintiff's claims are barred by sovereign immunity. (ECF Nos. 13, 14). The undersigned agrees.

Title 42 U.S.C. § 1983 provides a remedy only for deprivations of federal rights committed by a "person" acting under color of state law. In *Will v. Michigan Department of State Police*, the United States Supreme Court considered "the question whether a State, or an official of the State while acting in his or her official capacity, is a 'person' within the meaning of … § 1983." 491 U.S. 58, 60 (1989). Examining the language and purpose of the statute, the Supreme Court ultimately concluded that Congress did not intend to subject States to liability for deprivations of civil liberties when such suits would otherwise be barred by the States' sovereign immunity. *Id.* at 66. The Court further held that the term "person" under § 1983 does not include States or state officials acting in their official capacities. *Id.* at 71.

The holding in *Will* applies not only to lawsuits against the State itself, but also to suits against public entities and political subdivisions that function as an "arm or alter ego" of the State. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (quoting *Moor v. Alameda County*, 411 U.S. 693, 717 (1973)). Consequently, the Court must consider whether the WVSP is an arm or alter ego of the State of West Virginia. If WVSP is an arm of the State, Plaintiff cannot maintain a federal civil rights action against it under § 1983 because that statute authorizes suit only against a "person."

In determining whether a public entity is an arm of the State, courts generally look to the same standards used in Eleventh Amendment immunity analyses. *Id.* In this case,

the inquiry is straightforward. The West Virginia State Police is a division of the State of West Virginia and functions as a statewide law enforcement agency created by statute. Courts within this Circuit and the Southern District of West Virginia have recognized that state law enforcement agencies and their officials, when sued in their official capacity, are not "persons" under § 1983 and are entitled to Eleventh Amendment immunity. *See Osborne v. Long*, No. 1:11-cv-00070, 2012 WL 851106, at *4-5 (S.D.W. Va. Mar. 13, 2012) (holding § 1983 claim against West Virginia State Police official in official capacity barred because neither state nor its agencies are "persons" under § 1983 and Eleventh Amendment immunity applies).

Accordingly, the undersigned **FINDS** that WVSP, as an arm of the State of West Virginia, is not a "person" amenable to suit under § 1983. Moreover, WVSP is entitled to immunity under the Eleventh Amendment. The Eleventh Amendment bars suits in federal court against a State and its agencies unless the State has waived its immunity or Congress has unequivocally abrogated it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because West Virginia has not waived its sovereign immunity and Congress has not abrogated that immunity in enacting § 1983, Plaintiff's claims against WVSP are barred by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 340–41 (1979). Therefore, the undersigned respectfully **RECOMMENDS** that WVSP's Motion to Dismiss, (ECF No. 13), should be **GRANTED**.

## Huntington Police Department

Defendant Huntington Police Department ("HPD") has also filed a Motion to Dismiss. (ECF No. 16). Pursuant to Rules 12(b)(1) and 12(b)(6), HPD asserts that it is not a legal entity capable of being sued and that Plaintiff has failed to allege facts sufficient to establish municipal liability. (ECF Nos. 16, 17). The undersigned agrees.

As stated herein, Title 42 U.S.C. § 1983 provides a cause of action only against a "person" who, acting under color of state law, deprives another of rights secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. Courts within this District have repeatedly held that municipal police departments are not separate legal entities subject to suit under § 1983, but rather are subdivisions or departments of the municipalities they serve. As such, they lack the capacity to be sued independently. *See, e.g., Fisher v. Morrison*, No. 2:13-cv-31140, 2014 WL 4572713, at *3–4 (S.D. W. Va. Sept. 8, 2014); *Davis v. Thompson*, No. 2:14-cv-20467, 2016 WL 2851289, at *2 (S.D. W. Va. May 13, 2016); *Eagon v. Cabell Cnty. Emergency Med. Servs.*, No. 3:23-0013, 2023 WL 8823225, at *4 (S.D. W. Va. Dec. 21, 2023).

Here, because HPD is not a separate legal entity, it is not a "person" amenable to suit under § 1983. Accordingly, Plaintiff's claims against HPD fail as a matter of law and must be dismissed on that basis alone. Moreover, even if HPD were a suable entity, Plaintiff's Complaint fails to state a claim for municipal liability. A municipality may be held liable under § 1983 only if a constitutional injury was caused by an official policy or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable solely on a theory of respondeat superior. *Id.* at 691.

Plaintiff does not allege the existence of any policy, practice, or custom attributable to the City of Huntington that was the moving force behind the alleged constitutional violations. Instead, Plaintiff's allegations focus solely on the actions of unidentified officers during a single incident involving non-policymaking officers. Such allegations, without more, are insufficient to state a claim for municipal liability under § 1983. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir.

1994). Accordingly, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** HPD's Motion to Dismiss, (ECF No. 16).

## III.   Proposal and Recommendations

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Defendants' Motions to Dismiss, (ECF Nos. 13, 16), be **GRANTED;** the Complaint, (ECF No. 2), be **DISMISSED**, without prejudice; and this action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to transmit a copy of the same to Plaintiff and counsel of record.

**DATED**:  January 23, 2026

_____
Joseph K. Reeder
United States Magistrate Judge